UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDELL A.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00209-MJD-SEB |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON JUDICIAL REVIEW**

Claimant Randell A. requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 423(d). For the reasons set forth below, the Court **AFFIRMS** the decision of the Commissioner.

**I. Background**

Claimant applied for DIB in June 2022, alleging an onset of disability as of May 15, 2022. [Dkt. 8-5 at 25.] Claimant's application was denied initially and again upon reconsideration, and a hearing was held before Administrative Law Judge Jody Odell ("ALJ") on August 15, 2023. [Dkt. 8-2 at 55.] On December 7, 2023, the ALJ issued her determination that Claimant was not disabled. *Id.* at 11. The Appeals Council then denied Claimant's request for

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

review on December 9, 2024.  *Id.* at 2.  Claimant timely filed his Complaint on January 31, 2025, seeking judicial review of the ALJ's decision.  [Dkt. 1.]

## II.  Legal Standards

To be eligible for benefits, a claimant must have a disability pursuant to 42 U.S.C. § 423. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a sequential, five-step analysis:  (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three, and is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three, cannot perform her past relevant work, but can perform certain other available work, she is not disabled. 20 C.F.R. § 404.1520.  Before continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC") by "incorporat[ing] all of the claimant's limitations supported by the medical record."  *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (citing *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)).  If, at any step, the ALJ can make a conclusive finding that the claimant either is or is not disabled, then she need not progress to the

next step of the analysis. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) (citing 20 CFR § 404.1520(a)(4)).

The Seventh Circuit recently set forth the proper standard of review in an appeal of the denial of disability benefits as follows:

> [W]e review the ALJ's decision deferentially, affirming if its conclusions are supported by substantial evidence. 42 U.S.C. § 405(g); *Deborah M.* [*v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021)]; *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000) (ALJ's residual functional capacity determination "must be supported by substantial evidence in the record"). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S.Ct. 1148, 203 L.Ed.2d 504 (2019), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). While we do not reweigh evidence, we conduct a critical review because a decision "cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). In addition, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. That logical bridge can assure a reviewing court that the ALJ considered the important evidence and applied sound reasoning to it. *See Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir. 1999).

*Moy v. Bisignano*, 142 F.4th 546, 552 (7th Cir. 2025). This is the standard the Court will apply in this case.

### III. ALJ Decision

ALJ Odell first determined that Claimant had not engaged in substantial gainful activity since the alleged onset date of May 15, 2022. [Dkt. 8-2 at 13.] At step two, the ALJ found that Claimant had the severe impairment of osteoarthritis of the left shoulder and a number of non-severe impairments. *Id*. at 14. At step three, the ALJ found that Claimant's impairments did not meet or equal a listed impairment during the relevant time period. *Id.* The ALJ then found that, during the relevant time period, Claimant had the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). *Id.* at 15. At step

four, the ALJ found that Claimant was able to perform his past relevant work as a secondary school teacher. *Id.* at 25. Alternatively, at step five, relying on testimony from a vocational expert ("VE"), the ALJ determined that Claimant was able to perform other jobs that exist in significant numbers in the national economy, such as store laborer, production-machine tender, and machine packager. Id. at 26. Accordingly, the ALJ concluded Claimant was not disabled. *Id.* at 27.

### IV. Discussion

Claimant raises one issue in his brief: whether the ALJ erred in conducting the subjective symptom analysis. [Dkt. 13 at 3.]

When assessing a claimant's subjective symptoms, an ALJ must complete a two-step process. First, the ALJ must "consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p (S.S.A. Oct. 25, 2017), 2017 WL 5180304, at *3. Here, the ALJ found that there are such impairments. [Dkt. 8-2 at 18.] Second, "once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established," the ALJ will "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p at *3. The ALJ will not evaluate an individual's symptoms based solely on objective medical evidence unless the objective medical evidence supports a finding that the claimant is in fact disabled. *Id.* at *4-5. The ALJ will consider factors including, but not limited to, the claimant's daily activities and the effectiveness of the claimant's medication or treatment. *Id.* at *7-8. The court "will overturn the ALJ's evaluation of a claimant's subjective

symptoms only if it is patently wrong, which means that the decision lacks any explanation or support." *Pufahl v. Bisignano*, 142 F.4th 446, 458 (7th Cir. 2025) (citations omitted).

Claimant specifically argues that the ALJ failed to comply with 20 C.F.R. § 404.1529(c)(4), which provides:

> In determining the extent to which your symptoms, such as pain, affect your capacity to perform basic work activities, we consider all of the available evidence described in paragraphs (c)(1) through (c)(3) of this section. We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled. We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your medical sources or other persons about how your symptoms affect you. Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence.

Claimant argues that the ALJ "point[ed] to no genuine inconsistencies between the subjective allegations and the other evidence in the record." [Dkt. 13 at 3.]

Having reviewed the parties' briefs and the record, the Court finds that the ALJ's subjective symptom analysis was not patently wrong. The ALJ thoroughly and accurately summarized the evidence of record and acknowledged Claimant's allegations regarding his subjective symptoms. The ALJ noted that Claimant had not had extensive treatment for any of his impairments and found this to be "inconsistent with the existence of a disabling impairment." *Id.* at 22. The ALJ further noted the normal findings in the consultative examination by Dr. Elrod and the largely normal findings in the consultative examination by Dr. Gasiewicz. The ALJ also found that

> [r]egarding the claimant's daily activities, the evidence as a whole demonstrates his limitations are less severe than he alleges. Specifically, the claimant is able to manage his personal care and hygiene, prepare frozen foods, perform household chores and yardwork, play with his grandchildren, spend time with others, drive, count change, pay bills, manage a savings and checking account, play cards, fish on occasion, and watch television. Accordingly, I find the claimant's daily activities are consistent with the ability to perform work according to the aforementioned modest residual functional capacity.

*Id.* at 18.

Claimant does not point out any way in which the ALJ mischaracterized the record; nor does he point to any line of evidence omitted or ignored in the ALJ's analysis. Rather, Claimant simply disagrees with the conclusions drawn by the ALJ based on the record. In essence, Claimant asks the Court to reweigh the evidence, which it may not do. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'") (quoting *Lopez ex rel. Lopez*, 336 F.3d at 539). Because the ALJ satisfied her obligation to articulate reasons for her subjective symptoms evaluation that are properly supported by the record, there is no basis for reversal.

## V. Conclusion

For the reasons stated above, the ALJ's decision is **AFFIRMED**.

SO ORDERED.

Dated: 12 MAR 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on
all ECF-registered counsel of record via
email generated by the Court's ECF system.